1811.

Brayfield
vs
Brayfield

suit in this behalf to be instituted and conducted. He then prayed the court to direct the jury, that if the jury should, from the evidence, be of opinion that the plaintiffs applied the proceeds of the butter, consigned to them by *J.* and *R. K. Lowry,* to satisfy and pay themselves for the handkerchiefs which were not delivered, and that *J.* and *R. K. Lowry* have assented to that act, then that the plaintiffs upon the record are not entitled to recover in this form of action. This opinion and direction the court [*Nicholson,* Ch. J. and *Hollingsworth* and *Jones,* A. J.] accordingly gave. The plaintiffs excepted; and the verdict and judgment being against them they appealed to this court.

The cause was argued before POLK, BUCHANAN, and EARLE, J. by

*Winder,* for the Appellants; and by
*Stephen,* for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

———————

JUNE.

A nuncupative will established where the personal property, of which the deceased died possessed, amounted by the inventory to $3236 48.

A nuncupative will was proved by three witnesses, one of whom was the wife of one of the legatees, but which legatee had released all his interest, &c to certain of the representatives of the deceased; and although the release was not accepted by the releasees, it was held to be a good release, and that the will was legally proved

## BRAYFIELD VS. BRAYFIELD.

APPEAL from a decree of the Orphans Court of Frederick county. The nuncupative will of *Samuel Brayfield,* pronounced by him in the presence of three witnesses on the 22d of April 1807, two days before his death, he being then in his last sickness, at his own house, and afterwards on the 28th of April 1807, reduced to writing, and signed by the three witnesses in the presence of two witnesses, was offered for probate in the orphans court. One of the witnesses of the will was the wife of one of the legatees, but which legatee, by a release duly executed on the 28th of April 1807, released to *John Brayfield,* (the appellee,) and his sister *Milley,* a brother and sister of the whole blood of the deceased, all his right, claim and interest, under the will. The other property of the deceased, amounting by an inventory thereof, to $3236 48, he bequeathed to his wife and her two children, *S* and *J. Pancoast,* then living with the deceased, and to whom he was guardian. Citations issued for the persons related to the deceased, none of whom but *Jane Brayfield,* (the appellant,) the widow of the deceased, were summoned. She

1811.

D'Anjou & Ball
vs
Deagle

appeared, and not objecting, the probate of the will was ordered by the court to be taken and recorded; and probate was accordingly taken before the orphans court on the 9th of June 1807, of the three witnesses of the nuncupative will of *S. Brayfield*, so reduced to writing, and signed by them; and letters of administration, with a copy of the said will annexed, were granted to *Jane Brayfield*. On the petition of *John Brayfield*, the brother of the deceased, the court proceeded to rehear the case, and caused sundry depositions of witnesses to be taken. After which, they decreed that the will, purporting to be the nuncupative will of *Samuel Brayfield*, ought not to prevail, and that the letters of administration be revoked. From that decree *Jane Brayfield* appealed to this court.

The cause was argued before Polk, Buchanan, Earle, and Johnson, J.

*Shaaff* and *Taney*, for the Appellant, contended, that the release by *Davis*, was a good release, although it was not accepted by the releasees. They cited *Shaffer vs. Corbett, 3 Harr. & M'Hen.* 513; and *Peake's Evid.* 159.

*Brooke*, for the Appellee, referred to the act of 1798, ch. 101, sub ch. 2, s. 13, and contended that the will must be proved by three disinterested witnesses. That the release by *Davis* was not accepted, and that it had not been given to all of the representatives of the deceased, and of course it had no operation.

The Court *reversed* the decree of the orphans court, and decreed that the nuncupative will of *Samuel Brayfield*, stated in the record, be confirmed, and that it be admitted to probate by the orphans court, and that the letters of administration, granted to *Jane Brayfield*, be also ratified and confirmed.

DECREE REVERSED.